IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 14, 2024 Session

FILED
OCT 02 2024
Clerk of the Appellate Courts
REc'd By _____

## DAVID HAYES V. EXTREME EXCAVATION, LLC

Appeal from the Circuit Court for Washington County
No. 41516    Suzanne Cook, Judge

---

### No. E2023-01435-COA-R3-CV

---

ANDY D. BENNETT, J., dissenting.

The majority opinion adopts Extreme Excavation's position on appeal that the email exchanges between the parties' attorneys contained all the material terms of the settlement, making the correspondence an enforceable contract. I must respectfully disagree. I believe that the parties here made an agreement to agree. Agreements to agree are unenforceable in Tennessee because their terms lack the definiteness required for performance. *Four Eights, LLC v. Salem*, 194 S.W.3d 484, 486-87 (Tenn. Ct. App. 2005). Contracts must have terms of sufficient definiteness to allow courts to give them exact meanings. *United Am. Bank of Memphis v. Walker*, 1986 WL 11250, at *1 (Tenn. Ct. App. Oct. 10, 1986).

Let's examine what the parties did. Mr. Hayes's attorney made the first offer of compromise on Oct. 14, 2022, which included the following terms:

David Hayes would pay Extreme Excavation, LLC the total sum of Fifteen Thousand and No/100 Dollars ($15,000.00) in full and final settlement of all claims;

The parties would execute a Settlement Agreement containing mutual general releases and there would be no admission of liability; and An Agreed Order of Dismissal With Prejudice would be signed by the parties' attorneys and filed with the Court.

The attorney for Extreme Excavation's provided a counteroffer on October 19:

Respectfully, we would reject the sum offered in settlement and would counter with twenty-five thousand dollars ($25,000), which is still significantly less than Extreme Excavation believes it provided in goods and services to your client.

The remainder of your offer of settlement is fine, though we believe your client should pay the Court Costs. (Each party could pay their own discretionary costs and attorneys fees.)

In an email on October 22, Mr. Hayes's attorney replied:

My client has instructed me to accept your counteroffer as stated in your letter dated October 19, 2022 and agrees to pay your client the sum of $25,000. I will not be back to my office until October 31, 2022 and we can finalize the settlement when I return. Thanks.

Mr. Hayes's attorney sent a letter on November 2, 2022, withdrawing Mr. Hayes's acceptance of the counteroffer and requesting that the attorneys discuss the matter further.

"When a term is left open for future negotiation, there is nothing more than an unenforceable agreement to agree." *Cadence Bank, N.A. v. The Alpha Trust*, 473 S.W.3d 756, 774 (Tenn. Ct. App. 2015), (citing *Four Eights, L.L.C.*, 194 S.W.3d 774). Because intent is gathered from the language used, we must examine the language to see if there is a complete agreement.

The crucial language is Mr. Hayes's attorney's concluding statement, "we can finalize the settlement when I return." The language is not ambiguous. The clear meaning of this language is that there is more to negotiate or decide. This is the exact opposite of the opinion in *Carter v. Butler*, where the court observed that "the parties' contract contains no express terms indicating that the parties would agree to additional terms in the future – this was more than a mere agreement to agree." *Carter v. Butler*, No. W2020-00169-COA-R3-CV, 2021 WL 457680, at *7 (Tenn. Ct. App. Feb. 9, 2021). What was left to negotiate? The only agreed upon term was the amount that Hayes would pay to Extreme Excavation. There is no agreement on the language of the mutual general releases or the agreed order of dismissal proposed in the October 14 communication from Hayes's attorney and accepted in the October 19 reply. These are critical components of the settlement left to be finalized later. Furthermore, Mr. Hayes's attorney did not respond to the proposal that Mr. Hayes should pay the court costs. This, too, is left for future negotiation.

It is evident to me that what we have here is an agreement to agree or "concepts of a plan" of settlement, if you will. As such, there is no binding agreement. Therefore, I dissent.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE